UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD DOTEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-716** |
| **TANGIPAHOA PARISH COUNCIL, ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. #14) is **GRANTED**. Plaintiff's claims against Gordon A. Burgess, Jeff McKneely, Virginia Baker, and Charles Fitz are **DISMISSED WITH PREJUDICE**. Further, plaintiff's claim for punitive damages against the Parish of Tangipahoa, misnamed as Tangipahoa Parish Council (the "Parish"), are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgement (Doc. #15) is **GRANTED** as to plaintiff's disparate treatment claim against the Parish regarding the failure to promote him to the position of permanent director of Tangipahoa Parish Animal Control ("TPAC"), and that claim is **DISMISSED WITH PREJUDICE**. The motion is **DENIED** as to plaintiff's retaliation claim.

**IT IS FURTHER ORDERED** that Defendants' Motion *in Limine* to Preclude Plaintiff from Testifying at Trial, or in the Alternative, to Compel Deposition, to Extend Discovery Deadline, and to Continue Trial (Doc. #16) is **DENIED** as to precluding plaintiff from testifying at trial, and **GRANTED**, as to compelling plaintiff's deposition, extending the discovery deadline, and continuing the trial. Plaintiff is hereby **ORDERED TO APPEAR** at a properly noticed deposition on a date agreed upon by the parties. Further, the trial of this matter is **CONTINUED**. A scheduling conference will be conducted by the courtroom deputy on February 18, 2011, at 10:30 a.m., to choose new dates and deadlines, including a new discovery deadline and a new deadline for filing witness and exhibit lists. The court will initiate the call.

**IT IS FURTHER ORDERED** that Defendants' Motion *in Limine* to Exclude Plaintiff from Introducing Any Witnesses or Exhibits at Trial (Doc. #23) is **DENIED**.

## BACKGROUND

Plaintiff, Donald Dotey, is a 61-year-old African American male. He began his employment with the Parish in 2004. In December 2007, he became interim director of TPAC. Plaintiff applied for the permanent position of director of TPAC, but withdrew his application before the director was selected.

In October 2008, Charles Fitz was hired as the director of TPAC. Plaintiff became a humane investigator, a position that was created for him. Plaintiff was also the lead certified animal euthanasia technician ("CAET") and an animal control officer. As the lead CAET, plaintiff held a licence from the United States Drug Enforcement Administration ("DEA"), and was in charge of all drugs used in TPAC's daily operations.

In February 2009, plaintiff filed grievances with the Parish regarding his not being hired as the permanent director of TPAC, and a salary disparity. Thereafter, plaintiff also filed a grievance regarding the application of the grievance procedure.

Plaintiff threatened to, and eventually did, surrender his licences as lead CAET to the DEA, which caused a lock down of the drugs used by the TPAC in its daily operations and disrupted its activities. Further, defendants claim that plaintiff refused to inventory the drugs and refused to perform euthanasia after being requested to do so. In July 2009, plaintiff was fired for insubordination.

In October 2009, plaintiff filed a complaint with the United States Equal Employment Opportunity Commission alleging race discrimination, age discrimination, and retaliation. Specifically, he alleged that he was denied a promotion to permanent director of TPAC and that he was paid less for doing the same job. On March 1, 2010, plaintiff filed this suit alleging race discrimination in the failure to promote him, and that he was fired in retaliation for his filing grievances. Plaintiff named as defendants: the Parish; the Parish President, Gordon A. Burgess; the Parish Assistant Finance Director, Jeff McKneeley; the Parish Personnel Director, Virginia Baker; and, the Parish Director of Animal Control, Charles Fitz.

## ANALYSIS

**A.     Defendants' Motion to Dismiss**

Defendants filed a motion to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Defendants argue that plaintiff does not have a cause of action against Burgess,

3

McKneeley, Baker, and Fitz under Title VII because they were not his employers. Also, defendants moved to dismiss plaintiff's punitive damage claims against the Parish.

### 1. Rule 12(c) Standard

Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings after the pleadings are closed, but early enough not to delay trial. "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." Chauvin v. State Farm & Cas. Co., 495 F.3d 232, 237 (5th Cir. 2007). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n.14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 1965. The district court may not look beyond the pleadings, but the court may refer to documents attached to the complaint. See Hicks v. Parker, 2009 WL 2762302 (5th Cir. 2009).

### 2. Title VII - Employer

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual . . . Because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). An "employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person. . ." Id. at § 2000e(b). "Relief under Title VII is available only against

4

an employer, not an individual supervisor or fellow employee." Foley v. Univ. of Houston Sys., 355 F3d 333, 340 n. 8 (5th Cir. 2003).

Plaintiff was employed by the Parish, which is governed by a Home Rule Charter, controlled by a President and Council. LA. CONST. ART. VI, § 5. Burgess, McKneeley, Baker, and Fitz were not plaintiff's employers, but rather his supervisors or fellow employees. Therefore, plaintiff does not have a cause of action against them under Title VII, and plaintiff's claims against them are DISMISSED WITH PREJUDICE. See Arnolie v. Orleans Sch. Bd., 48 Fed. Appx. 917 (5th Cir. 2001), 2002 WL 31115131.

### 3. Punitive Damages

Plaintiff asserts a claim for punitive damages against the Parish. Pursuant to 42 U.S.C. § 1981a(b)(1), punitive damages are not recoverable against a government, government agency, or political subdivision in a Title VII action. See also Chaney v. New Orleans Pub. Facility Mgmt., 1997 WL 685351, at *1 (E.D.La. 11/4/97) ("Congress has clearly provided that punitive damages are not available from a governmental entity under Title VII."). The Parish is a political subdivision of the State of Louisiana. Therefore, plaintiff's claim for punitive damages against the Parish is DISMISSED WITH PREJUDICE.

### B. Defendants' Motion for Summary Judgment

Plaintiff alleges that he was discriminated against in is employment because he was not promoted to the position of permanent director of TPAC and that he was retaliated against for filing grievances concerning race discrimination.

In McDonnell Douglas Corp. v. Green, 93 S.Ct. 1817 (1973), the Supreme Court of the United States "established an allocation of the burden of production and an order for the presentation of proof in Title VII discriminatory-treatment cases." First, the plaintiff must establish a *prima facie* case of discrimination. The elements of a plaintiff's *prima facie* case vary according to the facts of the case and the nature of the claim. See LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448, n. 3 (5th Cir.1996). "Establishment of the *prima facie* case in effect creates a presumption that the employer unlawfully discriminated against the employee." Texas Dep't of Community Affairs v. Burdine,101 S.Ct. 1089, 1094 (1981). The burden then shifts to the defendant to produce a legitimate, nondiscriminatory reason for the conduct. See Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2106 (2000). This burden is one of production, not persuasion and involves no credibility assessment. Id. If the defendant meets the burden, the presumption raised by the plaintiff's *prima facie* case disappears. Once the employer produces sufficient evidence to support a nondiscriminatory explanation, the plaintiff is given an "opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were pretext for discrimination." Id. (internal quotation and citation omitted). The ultimate burden of persuading the trier of fact that there was intentional discrimination and that the professed reason was not the true reason remains with the plaintiff. Id. "[A]lthough the presumption of discrimination drops out of the picture once the defendant meets its burden of production, the trier of fact may still consider the evidence establishing the plaintiff's prima facie case and inferences properly drawn therefrom . . . on the issue of whether the defendant's explanation is pretextual." Id. (internal quotation and citation omitted).

### 1.     Plaintiff's Disparate Treatment Claim

Employment actions that treat one employee less favorably than others based on the employee's race may give rise to disparate treatment claims. Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006). "In order to establish a *prima facie* case of discrimination on the basis of race or sex, a plaintiff must show he or she was: (1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated [of a different race or sex]." Abarca v. Metropolitan Transit Authority, 404 F.3d 938, 941 (5th Cir.2005); Jones v. Overnite Transp. Co., 212 Fed. Appx. 268, 272-73 (5th Cir.2006). Only "ultimate employment decision" are actionable adverse employment actions that give rise to a disparate treatment claim. McCoy v. City of Shreveport, 492 F.3d 551, 556 (5th Cir. 2007). Ultimate employment decisions include "hiring, granting leave, discharging, promoting, and compensating." Id. at 559-60.

Plaintiff alleges that the Parish did not hire him as the permanent director of TPAC because of his race. Plaintiff is part of a protected class, and was subjected to the adverse employment action of not being hired. However he has not established a *prima facie* case of disparate treatment because he has not shown that he was qualified for the position. Further, the Parish has shown, and plaintiff does not dispute, that it had a legitimate, non-discriminatory reason for not hiring plaintiff as the permanent director of TPCA, namely that plaintiff withdrew his application for the position. Therefore, defendants' motion for summary judgement regarding plaintiff's claim for disparate treatment race discrimination for not being hired as the permanent director of TPAC is GRANTED, and that claim is DISMISSED WITH PREJUDICE.

### 2. Plaintiff's Retaliation Claim

Section 704(a) of Title VII prohibits an employer from discriminating against any employee because the employee has made a charge under Title VII. 42 U.S.C. § 2000e-3(a). The court applies the McDonnell Douglas Corp, 93 S.Ct. 1817 (1973), evidentiary framework from Title VII cases to claims of retaliation. Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir. 2001). To establish a *prima facie* case of Title VII retaliation, the plaintiff must show that: (1) he engaged in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 484 (5th Cir. 1008). A plaintiff must demonstrate that the adverse employment action would not have occurred "but for" plaintiff's protected activity. Septimus v. Univ. of Houston, 399 F.3d 601, 608 (5th Cir. 2005). A plaintiff who is unable to show a *prima facie* case cannot survive a summary judgment challenge as to the Title VII claims. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 429 (5th Cir. 2000).

"If the plaintiff makes a *prima facie* showing, the burden then shifts to the employer to articulate a legitimate ... non-retaliatory reason for its employment action. If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason." Aryain, 534 F.3d at 484.

"The timing of the adverse employment action can be a significant, although not necessarily determinative, factor" to establish the requisite nexus. Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1092 (5th Cir. 1995). However, "temporal proximity alone is insufficient to prove "but for" causation." Strong v. Univ. Healthcare Sys., LLC, 482 F.3d 802, 808 (5th Cir. 2007).

Plaintiff alleges that the Parish retaliated against him by firing him after he filed a grievance regarding not being hired as the permanent director of TPAC and a salary disparity. Plaintiff alleges that he filed the grievance on February 5, 2009, and that he was fired one week prior to the hearing date which was scheduled for July 13, 2009. Plaintiff has alleged a *prima facie* case of retaliation. The Parish claims that plaintiff was fired for the legitimate, non-discriminatory reason of insubordination. The Parish has submitted affidavits in support of its argument. However, plaintiff has not been deposed due to a miscommunication, and is proceeding *pro se*. Without plaintiff's testimony regarding the alleged retaliation, the court cannot determine whether his alleged insubordination was a pretext, and defendant's motion for summary judgment is DENIED as to plaintiff's retaliation claim against the Parish.

**C.    Defendants' Motion *in Limine* to Preclude Plaintiff from Testifying at Trial, or in the Alternative, to Compel Deposition, to Extend Discovery Deadline, and to Continue Trial**

Defendants filed a motion *in limine* seeking to preclude plaintiff from testifying at trial, or alternatively, to compel his deposition, extend the discovery deadline and continue the trial. Plaintiff's deposition was scheduled for December 27, 2010. On December 20, 2010, defense counsel told plaintiff via telephone that the deposition might have to be rescheduled. Plaintiff understood that the noticed December 27, 2010, deposition was cancelled, and that it would be rescheduled. Defense counsel did not reschedule the deposition, and plaintiff did not appear on December 27, 2010. It appears that there was a miscommunication, not that plaintiff intentionally failed to appear for the depositon. Therefore, defendant's motion is GRANTED as to compelling

plaintiff's deposition, extending the discovery deadline, and continuing the trial, and DENIED as to precluding plaintiff from testifying at trial.

### D. Defendants' Motion *in Limine* to Exclude Plaintiff from Introducing Any Witnesses or Exhibits at Trial

Defendants' filed a motion *in limine* seeking to exclude plaintiff from introducing any witnesses or exhibits at trial because plaintiff failed to timely file a witness and exhibit list. Because the trial is continued and all dates and deadlines will be resent, the motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. #14) is **GRANTED**. Plaintiff's claims against Burgess, McKneely, Baker, and Fitz are **DISMISSED WITH PREJUDICE**. Further, plaintiff's claim for punitive damages against the Parish are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgement (Doc. #15) is **GRANTED** as to plaintiff's disparate treatment claim against the Parish regarding the failure to promote him to the position of permanent director of TPAC, and that claim is **DISMISSED WITH PREJUDICE**. The motion is **DENIED** as to plaintiff's retaliation claim.

**IT IS FURTHER ORDERED** that Defendants' Motion *in Limine* to Preclude Plaintiff from Testifying at Trial, or in the Alternative, to Compel Deposition, to Extend Discovery Deadline, and to Continue Trial (Doc. #16) is **DENIED** as to precluding plaintiff from testifying at trial, and **GRANTED**, as to compelling plaintiff's deposition, extending the discovery deadline, and continuing the trial. Plaintiff is hereby **ORDERED TO APPEAR** at a properly noticed deposition

on a date agreed upon by the parties. Further, the trial of this matter is **CONTINUED**. A scheduling conference will be conducted by the courtroom deputy on February 18, 2011, at 10:30 a.m., to choose new dates and deadlines, including a new discovery deadline and a new deadline for filing witness and exhibit lists. The court will initiate the call.

**IT IS FURTHER ORDERED** that Defendants' Motion *in Limine* to Exclude Plaintiff from Introducing Any Witnesses or Exhibits at Trial (Doc. #23) is **DENIED**.

New Orleans, Louisiana, this __20th__ day of January, 2011.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**