UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONALD DOTEY** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-716** |
| **TANGIPAHOA PARISH COUNCIL, ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed the Parish of Tangipahoa, misnamed as Tangipahoa Parish Council (the "Parish"), regarding plaintiff's Title VII retaliation claim (Doc. #37) is **DENIED**.

## BACKGROUND

Plaintiff, Donald Dotey, is a 61-year-old African American male. He began his employment with the Parish in 2004. In December 2007, he became interim director of TPAC. Plaintiff applied for the permanent position of director of TPAC, but withdrew his application before the director was selected.

In October 2008, Charles Fitz was hired as the director of TPAC. Plaintiff became a humane investigator, a position that was created for him. Plaintiff was also the lead certified animal euthanasia technician ("CAET") and an animal control officer. As the lead CAET, plaintiff held a licence from the United States Drug Enforcement Administration ("DEA"), and was in charge of all drugs used in TPAC's daily operations.

In February 2009, plaintiff filed grievances with the Parish regarding his not being hired as the permanent director of TPAC, and a salary disparity. Thereafter, plaintiff also filed a grievance regarding the application of the grievance procedure. In July 2009, plaintiff was fired for insubordination.

In October 2009, plaintiff filed a complaint with the United States Equal Employment Opportunity Commission alleging race discrimination, age discrimination, and retaliation. Specifically, he alleged that he was denied a promotion to permanent director of TPAC and that he was paid less for doing the same job than both his predecessor and successor. On March 1, 2010, plaintiff filed this suit alleging race discrimination in the failure to promote him, and claiming that he was fired in retaliation for his filing grievances. Plaintiff named as defendants: the Parish; the Parish President, Gordon A. Burgess; the Parish Assistant Finance Director, Jeff McKneeley; the Parish Personnel Director, Virginia Baker; and, the Parish Director of Animal Control, Charles Fitz.

The defendants moved to dismiss plaintiff's claims. The court granted the motion as to plaintiff's punitive damages claims against the Parish and his Title VII claims against Burgess, McKneeley, Baker and Fitz. The defendants also moved for summary judgment on plaintiff's disparate treatment and retaliation claims. The court granted the motion as to plaintiff's disparate treatment claim against the Parish, but denied the motion as to plaintiff's retaliation claim against the Parish. The court found that there were genuine issues of material fact that precluded summary judgment on the retaliation claim because plaintiff had not yet been deposed.

Plaintiff was deposed on February 9, 2011. The Parish filed a renewed motion for summary judgment on plaintiff's retaliation claim arguing that there are no disputed fact that he was fired for insubordination.

## ANALYSIS

**A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

Because plaintiff is proceeding *pro se*, the court must construe his pleadings liberally. Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). However, "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981). "[A] *pro se* litigant does not escape the essential burden

under summary judgment standards of establishing that there is a genuine issue of material fact to his case in order to avert summary judgment." Brown v. Crawford, 906 F.2d 667, 670 (11th Cir. 1990).

**B.     Plaintiff's Retaliation Claim**

Section 704(a) of Title VII prohibits an employer from discriminating against any employee because the employee has made a charge under Title VII. 42 U.S.C. § 2000e-3(a). The court applies the McDonnell Douglas Corp, 93 S.Ct. 1817 (1973), evidentiary framework from Title VII cases to claims of retaliation. Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir. 2001). To establish a *prima facie* case of Title VII retaliation, the plaintiff must show that: (1) he engaged in an activity protected by Title VII; (2) he suffered an adverse employment action; and (3) a causal link existed between the protected activity and the adverse action. Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 484 (5th Cir. 1008). A plaintiff must demonstrate that the adverse employment action would not have occurred "but for" plaintiff's protected activity. Septimus v. Univ. of Houston, 399 F.3d 601, 608 (5th Cir. 2005). A plaintiff who is unable to show a *prima facie* case cannot survive a summary judgment challenge as to the Title VII claims. Byers v. Dallas Morning News, Inc., 209 F.3d 419, 429 (5th Cir. 2000).

"If the plaintiff makes a *prima facie* showing, the burden then shifts to the employer to articulate a legitimate ... non-retaliatory reason for its employment action.  If the employer meets this burden of production, the plaintiff then bears the burden of proving that the employer's reason is a pretext for the actual retaliatory reason." Aryain, 534 F.3d at 484.

Plaintiff alleges that the Parish retaliated against him by firing him after he filed a grievance regarding not being hired as the permanent director of TPAC and a salary disparity.  Plaintiff alleges that he filed the grievance on February 5, 2009, and that he was fired on July 7, 2009, one week prior to the hearing date which was scheduled for July 13, 2009.  Plaintiff has alleged a *prima facie* case of retaliation.

The Parish claims that plaintiff was fired for the legitimate, non-discriminatory reason of insubordination.  The Parish has submitted witness statements and plaintiff's deposition testimony in support of its argument.  In her statement, Baker says that plaintiff was fired for insubordination for turning in his license as the lead CAET to the DEA on July 6, 2009, which caused a lock down of the drugs that are used in the TPAC's daily operations and a disruption of TPAC's work.  Fitz's statement recounts the same insubordination by plaintiff as Baker's statement.  Fitz also states that plaintiff referred to the CAET as his "big stick" to get what he wanted, and that plaintiff refused to perform euthanasia when Fitz ordered him to do so.

The statements provided by Baker and Fitz and plaintiff's deposition testimony demonstrate that there are disputed issues of material fact regarding the circumstances of plaintiff's termination and grievances that preclude summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed the Parish of Tangipahoa, misnamed as Tangipahoa Parish Council (the "Parish"), regarding plaintiff's Title VII retaliation claim (Doc. #37) is **DENIED**.

New Orleans, Louisiana, this  16th  day of June, 2011.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**